UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20567-RAR

**CHRISNEL SIMON,**

    Plaintiff,

v.

**RON DESANTIS,** *et al.***,**

    Defendants.
_____/

## ORDER TO AMEND

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on February 13, 2023. *See* Complaint [ECF No. 1] ("Compl."). A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Further, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Here, after careful consideration, the Court finds that an amended complaint is required because the Complaint does not comply with the Federal Rules of Civil Procedure. Before addressing the pleading deficiencies at issue, Plaintiff is first instructed on generally applicable rules of pleading.

## LEGAL STANDARD

To begin, although appearing *pro se*, Plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*,

863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal after *pro se* litigant's noncompliance with court orders); *see also* Local Rule 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*).

The Federal Rules of Civil Procedure provide, in pertinent part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In addition, the complaint must specify the grounds for relief available to the moving party, state the facts supporting each ground for relief, and must be signed by Plaintiff or by a person authorized to sign on behalf of Plaintiff. *See* FED. R. CIV. P. 8; FED. R. CIV. P. 11.

When plaintiffs fail to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with local rules, its usefulness is substantially diminished. Still, *pro se* litigants should ordinarily be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled an opportunity to amend).

If an amended complaint is filed, the Court will only consider claims raised in the amended complaint. Furthermore, the Court does not act as researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). Put simply, this Court does not serve as a litigant's attorney, and any amendment subsumes previous allegations. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal.  *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).  Indeed, *pro se* litigants are not exempt from procedural rules.  *See McLeod*, 679 F. App'x at 843.

The Court must hold the allegations in a *pro se* civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Likewise, liberal construction does not authorize *pro se* litigants to file impermissible "shotgun" pleadings.  The Eleventh Circuit has identified four rough types or categories of shotgun pleadings.  *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted).  "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Id.* at 1321.  "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1321–22.  "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or claim for relief."  *Id.* at 1322–1323.  Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Stated bluntly, shotgun pleadings are "a massive waste of judicial and private resources." *Id.* (cleaned up). Thus, the Eleventh Circuit has made clear that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002).

## ANALYSIS

With the foregoing legal standards in mind, the Court turns to the instant Complaint. "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). Still, as the Court stated previously, *pro se* litigants must comply with procedural rules. *See McLeod*, 679 F. App'x at 843.

To start, the Court cannot determine the factual allegations that underly Plaintiff's Complaint. Plaintiff alleges that "[o]n or about June 18, 2018, Plaintiff while contracting unlimited in State of Florida, Plaintiff was arrested and ordered to Pay taxes, excessive bail, charged with unconstitutional statutes and codes." Compl. ¶ 21. The Complaint states, "Defendant(s) Angel Requejado, also required me to pay for said taxes with Federal Reserve

Notes, in order to do business. That are not backed by gold or silver coin, as stipulated in Article I Section 10 of the U.S. Constitution." *Id.* ¶ 21. The Complaint further suggests that Plaintiff "appeared as a defendant in a criminal traffic and felony case" where he was not afforded his choice in counsel. *Id.* ¶¶ 29–33. Aside from these sparse facts, the Court cannot determine what, if any, facts underly the Complaint, nor which Defendants, if any, committed or failed to commit acts that would establish any cause of action. As pled, the factual allegations are vague and conclusory at best. Applying *Weiland*, this constitutes the second "most common type" of a shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321–22.

Additionally, this Complaint is a shotgun pleading because it does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–1323. The Complaint is primarily a recitation of various laws without any connection to underlying facts or any of the Defendants. While there are some sections of the Complaint with bold headings, the Complaint does not raise causes of action separated into various counts, which is necessary for the Court and Defendants to make sense of the allegations against Defendants.

Moreover, this Complaint does not identify "which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. For example, the Complaint states, "Defendant was assigned to Court wherein Plaintiff appeared as defendant in a criminal Traffic and Felony case." Compl. ¶ 29. But with over twenty named Defendants, there is no indication which Defendant this allegation refers to. The Complaint even states that Plaintiff does not actually have any allegations against "the wives or husbands" of certain Defendants, but that "[t]hey are joined as a protection to Plaintiff against their husbands or wives' unlawful dissipation of assets or attempted conveyances of property in an attempt to

defraud legitimate creditors." *Id.* ¶¶ 18–19 (cleaned up).  Accordingly, this Complaint constitutes an impermissible shotgun pleading.

This is not an exhaustive list of the deficiencies observed in the Complaint.  Plaintiff may have ***one opportunity*** to rectify his Complaint.  Plaintiff is instructed to follow the directives and applicable rules articulated in this Order if Plaintiff still wishes to pursue this action.  Thus, it is

**ORDERED AND ADJUDGED** as follows:

1.	Consistent with the purpose of Fed. R. Civ. P. 8, Plaintiff is granted leave to file an amended complaint.  Moreover, the Court encourages Plaintiff to make every effort to only include exhibits relevant to his amended complaint.

2.	On or before **February 21, 2023**, the amended complaint must be docketed and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3.	The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

4.	The amended complaint must contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued.

5.	Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b).

6.	Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

   7.  The Clerk's Office is **INSTRUCTED** to administratively close this case. Plaintiff is, in addition, warned that failure to file his amended complaint on time and in compliance with this Order shall result in this case remaining closed.

   8.  The Clerk's Office is also **INSTRUCTED** to mail Plaintiff a copy of this Order at P.O. Box 610782, Miami, FL 33261.

  **DONE AND ORDERED** in Miami, Florida, this 14th day of February, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**